EXHIBIT 10

| | |
|---|---|
| 1 | Robert Tauler  (SBN 241964) |
|  | rtauler@taulersmith.com |
| 2 | Betsy M. Tauler (SBN 330531) |
|  | bmtauler@taulersmith.com |
| 3 | Wendy Miele (SBN 165551) |
|  | wmiele@taulersmith.com |
| 4 | Tauler Smith, LLP |
|  | 626 Wilshire Boulevard, Suite 510 |
| 5 | Los Angeles, California 90017 |
|  | Tel: (310) 590-3927 |

*Attorneys for Plaintiff*
*Anne Heiting*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| ANNE HEITING, an individual, | Case No.: 23STCV16758 |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR:** |
| vs. | |
| VITAMIN SHOPPE INDUSTRIES, LLC, a New Jersey Corporation; and DOES 1 through 25, inclusive, | 1. **VIOLATIONS OF CIPA (THE CIPA CALIFORNIA INVASION OF PRIVACY ACT (CAL. PENAL CODE § 631))** |
| Defendants. | |

FIRST AMENDED COMPLAINT

## JURISDICTION

1. Subject matter jurisdiction is proper in this Court because the amount in controversy is within this Court's jurisdictional limit.

2. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant conducts a substantial amount of business in Los Angeles County, California.

3. Venue is proper in the Los Angeles County Superior Court pursuant to Code of Civil Procedure, §§ 394, 395, and 395.5. Wrongful conduct occurred and continues to occur in this County. Defendant conducted and continues to conduct business in this County as it relates to its illegal wiretapping. Additionally, Defendant has sufficient minimum contacts in the State of California or otherwise purposefully avails itself of the California market.

## PARTIES

4. Plaintiff Anne Heiting ("Plaintiff") is a citizen of California.

5. Defendant Vitamin Shoppe Industries, LLC ("Defendant" or "Vitamin Shoppe") is a New Jersey corporation that owns, operates, and/or controls vitaminshoppe.com, the website referenced in the allegations below.

6. The above-named Defendant, along with its affiliates and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 25, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants, and that each of the acts and/or omissions complained of herein was ratified by each of the other Defendants.

FIRST AMENDED COMPLAINT

1

**FACTUAL ALLEGATIONS**

8.  Vitamin Shoppe Industries, LLC is the proprietor of vitaminshoppe.com, an online platform that sells a variety of vitamins, supplements and health products. During a browsing session on the Defendant's website, the plaintiff utilized the chat box feature. However, the plaintiff was not informed that her conversations were being recorded and exploited for commercial surveillance purposes without her consent. Defendant's deceptive and invasive practices violate the privacy rights of its customers.

9.  In the context of Vitamin Shoppe's website, a code is implanted which embeds content from another website (in this case, BoldChat) within a web page. However, this code intercepts the inquiries that consumers believe are being sent directly to Vitamin Shoppe and diverts them to boldchat.com.

```html
</style>
<style type="text/css"></style>
<link rel="canonical" href="https://www.vitaminshoppe.com/b/winged-natural-beauty-skin/beauty-skin-care" id="canonicalUrl">
<script src="https://vmss.boldchat.com/aid/447188981064267967/bc.vms4/vms.js" async defer></script>
<style type="text/css" class="ju_CSSJS_default">
    .ju_Con{text-align:left;z-index:99999998;top:0px;left:0px;display:none;font-family:Arial, Helvetica, sans-serif;width:100%;position:absolute;position:fixed;
    center center; background-repeat: no-repeat; background-size: cover;}.ju_overlay:before {content: '';height: 100%;display: inline-block;vertical-align: midd
</style>
<script id="bcvm_script_1689604829251" async type="text/javascript" src="https://ci.boldchat.com/aid/447188981064267967/bc.inv/ci.js?resize=t…D95CBDC87157BAB7
<style type="text/css"></style>
</head>
```

10. Once boldchat.com gains access to the user's information, it stores it for its own purposes. Vitamin Shoppe fails to inform its website users that their communications are being monitored and stored using an "event listener" as seen below.

```javascript
            return false
        }
        switch (F.event) {
        case "onclick":
            F.ref.addEventListener("click", function(G) {
                C(F.id, G)
            });
            return true;
        case "value":
        case "onchange":
            F.ref.addEventListener("change", function(G) {
                o(F.id, G)
            });
```

11. BoldChat also shares the data it collects and stores with Vitamin Shoppe who adds the data to the existing profiles it has surreptitiously collected from its users. According to its own stated disclosures, Vitamin Shoppe collects a wide range of personal information from website users and consumers, including personal identifiers, unique device identifiers, and may deduce additional demographic details like gender; transaction details; precise location details, including IP addresses; GPS addresses, various details about website usage, such as links clicked, page views, searches, time spent, social media interactions, and interactions with others; inferences, and other information.

12. Visitors would be shocked and appalled to know that Defendant secretly records those conversations and pays third parties to eavesdrop on them in real time to be "targets" for non descript mercantile campaigns. Defendant should not be permitted to acquire such extensive personal information from unsuspecting consumers who visit their website merely to make a purchase, such as ordering protein powder. This blatant disregard for consumer privacy is unacceptable and warrants appropriate scrutiny and intervention.

13. Within the past year, Plaintiff (a statutory tester) used the chat box feature on Vitamin Shoppe's site, however, Defendant did not inform Plaintiff that Defendant was not communicating with Vitamin Shoppe at all when chatting online on the vitaminshoppe.com website. Vitamin Shoppe does not disclose its relationship at all to BoldChat, or that Vitamin Shoppe is aiding, abetting, and paying third parties like BoldChat which is recording and commoditizing their communications using the seemingly harmless chat box feature. A feature which, because it is seemingly innocuous and appears to occur on Vitamin Shoppe's website, would never give rise to the suspicion that it is really a means to collect data and subvert privacy rights.

14. Defendant did not obtain Plaintiff's express or implied consent to wiretap or allow third parties to eavesdrop on visitor conversations, nor did Plaintiff know at the time of the conversations that Defendant was secretly wiretapping them and allowing third parties to eavesdrop on them.

FIRST AMENDED COMPLAINT

3

# FIRST CAUSE OF ACTION

## Violations of the California Invasion of Privacy Act

## Cal. Penal Code § 631(a)

15. Section 631(a) of California's Penal Code imposes liability upon any entity that "by means of any machine, instrument, contrivance, or in any other manner,"

(1) "intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system," or

(2) "willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section." Here, Defendant does all three.

16. Section 631 of the California Penal Code applies to internet communications and thus applies to Plaintiff's electronic communications with Defendant's Website.

17. The software embedded on Defendant's Website to record and eavesdrop upon the Plaintiff's communications qualifies as a "machine, instrument, contrivance, or ... other manner" used to engage in the prohibited conduct alleged herein.

18. At all relevant times, Defendant aided, abetted, and even paid third parties to eavesdrop upon such conversations.

19. Plaintiff did not expressly or impliedly consent to any of Defendant's actions.

20. Defendant's conduct constitutes numerous independent and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff to injunctive relief and statutory damages.

FIRST AMENDED COMPLAINT

4

**PRAYER**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1.    An order enjoining Defendant's conduct as alleged herein and any other injunctive relief that the Court finds proper;

2.    Statutory damages pursuant to CIPA;

3.    Compensatory damages under CUCA;

4.    Punitive damages under CUCA;

5.    Reasonable attorneys' fees and costs under CUCA; and

6.    All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

DATED: September 11, 2023        TAULER SMITH LLP

By:  */s/ Robert Tauler*
      Robert Tauler, Esq.
      *Attorney for Plaintiff*
      *Anne Heiting*

FIRST AMENDED COMPLAINT

5

**DEMAND FOR JURY TRIAL**

Plaintiff Anne Heiting hereby demands a trial by jury.

DATED: September 11, 2023              TAULER SMITH LLP

                              By:   /s/ Robert Tauler
                                    Robert Tauler, Esq.
                                    *Attorney for Plaintiff*
                                    *Anne Heiting*

FIRST AMENDED COMPLAINT

6

## PROOF OF SERVICE

Re: *Anne Heiting v. Vitamin Shoppe Industries, LLC*
Case No. 23STCV16758

    I, Luca Stein not a party to the within action, hereby declare that on September 11, 2023, I served the attached **PLAINTIFF'S FIRST AMENDED COMPLAINT** on the parties in the within action by USPS First-Class Mail and electronic mail on the following parties.

Andrea Maddox
William Delgado
DTO Law
2400 Broadway, Suite 200
Redwood City, CA 64063
amaddox@dtolaw.com
wdelgado@dtolaw.com

*Attorney for Defendant*
*Vitamin Shoppe Industries, LLC*

    I declare under penalty of perjury the foregoing to be true and correct. Executed at Los Angeles, California on September 11, 2023.

*[signature]*
Luca Stein

Assistant to Robert Tauler
Attorney for Plaintiff
Anne Heiting

FIRST AMENDED COMPLAINT